# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 17-cv-2448

LAUREN SMITH f/k/a LAUREN DORFMAN, an individual,

       Plaintiff,

v.

ZWICKER & ASSOCIATES, P.C. a Massachusetts corporation,

       Defendant.

## COMPLAINT

### INTRODUCTION

1. This is an action for statutory damages brought by Lauren Smith f/k/a Lauren Dorfman (the "**Plaintiff**"), an individual consumer, against Zwicker & Associates, P.C., a Massachusetts corporation (the "**Debt Collector**"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter, "**FDCPA**"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

4. Plaintiff is an individual who resides in the City and County of Denver, State of Colorado.

5. Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3) and Colo. Rev. Stat. § 12-14-103(4).

6. The Debt Collector is a Massachusetts corporation that does business in the State of Colorado.

7. The Debt Collector has a place of business at 9777 Mount Pyramid Court, Suite 220, Englewood, Colorado 80112.

8. The Debt Collector's registered agent in Colorado is The Corporation Company, located at 7700 East Arapahoe Road, Suite 220, Centennial, CO 80112-1268.

9. The Debt Collector is a law firm engaged in debt collection.

10. The Debt Collector regularly attempts to collect debts from consumers alleged to be due another.

11. The Debt Collector is engaged in the collection of debts from consumers using the mail and telephone.

12. The Debt Collector is engaged in a business, the principal purpose of which is the collection of debts.

13. The Debt Collector is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

14. The Debt Collector has been engaged by Discovery to collect an allegedly overdue consumer credit card account from Plaintiff (the "**Debt**").

15. The Debt is an obligation that was incurred primarily for personal, family, or household purposes.

16. The Debt is a "debt", as that term is defined by 15 U.S.C. § 1692a(5).

17. On or about September 21, 2017, the Debt Collector sent a "Stipulation for Judgment and Payments" to Plaintiff.

18. Included with the Stipulation for Judgment and Payments was a hand-written note directing Plaintiff to "Please use SASE to return a signed copy within seven (7) days."

19. The Stipulation for Judgment and Payments and the hand-written note are a communication to collect a debt.

20. Neither the Stipulation for Judgment and Payments nor the hand-written note state that that the Debt Collector is a debt collector attempting to collect a debt and that any information obtained will be used for that purpose.

21. The Stipulation for Judgment and Payments and the hand-written notes were the Debt Collector's first and only communication with Plaintiff.

22. Within five days of sending the Stipulation for Judgment and Payments and the hand-written note, the Debt Collector did not send a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

## COUNT I
### (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)

23. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

24. At all times material hereto, Plaintiff was a "consumer", as that term is defined under 15 U.S.C. § 1692a(3).

25. At all times material hereto, the balance that the Debt Collector was attempting to collect was a "debt", as that term is defined under 15 U.S.C. § 1692a(5).

26. At all times material hereto, the Debt Collector was a "debt collector", as that term is defined under 15 U.S.C. § 1692a(6).

27. The FDCPA requires the Debt Collector to "disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose . . . ." 15 U.S.C. § 1692(e)(11).

28. The Debt Collector has violated 15 U.S.C. § 1692(e)(11) by failing to provide Plaintiff with any such disclosure.

29. The FDCPA requires the Debt Collector to provide certain disclosures to Plaintiff within five days of the Debt Collector's initial communication with Plaintiff. 15 U.S.C. § 1692g(a).

30. The Debt Collector violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with written notice validating the Debt.

31. The foregoing acts and omissions of the Debt Collector constitute numerous and multiple violations of the FDCPA.

32. Plaintiff is entitled to damages in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lauren Smith f/k/a Lauren Dorfman prays for relief and judgment, jointly and severally against the Debt Collector, as follows:

1. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

2. Awarding Plaintiff reasonable attorney fees and costs incurred in this action;

3. Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed under the law; and

4. Awarding such other and further relief as the Court may deem just and proper.

### TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: October 12, 2017

Respectfully submitted,

/s/ Daniel J. Vedra
Daniel J. Vedra
Katherine Russell
Vedra Law LLC
1435 Larimer St. Suite 302
Denver, CO 80202
Phone: (303) 937-6540
Fax: (303) 937-6547
Email: dan@vedralaw.com
Email: kate@vedralaw.com